**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-181 MPT |
| | ) |
| THE HON. JOHN CARNEY, | ) |
| Governor of the State of Delaware, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR RECONSIDERATION/CLARIFICATION

Pursuant to Federal Rule of Civil Procedure 60 and D. Del. LR 7.1.5, Defendant, the Honorable John Carney, respectfully requests reconsideration and/or clarification of the Court's December 6, 2017 Memorandum Opinion (D.I. 40) and Order (D.I. 39).

**A.   LEGAL STANDARD**

A motion for reconsideration may be granted if "'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented the Court by the parties or has made an error not of reasoning but of apprehension.'" *Tinney v. Geneseo Commc'ns, Inc.*, 502 F. Supp. 2d 409, 415 (D. Del. 2007) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990)).  Under F.R.C.P. 60, the Court may offer a party relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  The "Court should not hesitate to grant the motion when compelled to prevent manifest injustice or correct clear error." *Brambles USA, Inc.*, 735 F. Supp. at 1241.  This Court has granted motions to clarify ambiguities in its opinions and orders.  *See*, *e.g.*, *Helios Software, LLC and Pearl Software, Inc. v. SpectorSoft Corp.*, 2015 WL 3622399 (D. Del. June 5, 2015); *Organizational Strategies, Inc. v. Feldman Law LLP*, 2014

WL 2446441 (D. Del. May 29, 2014), *Neomagic Corp. v. Trident Microsystems*, 2003 WL 25258274 (D. Del. July 30, 2003).

### B. THE MEMORANDUM OPINION AND ORDER REQUIRES CLARIFICATION CONCERNING THREE ISSUES

Plaintiff filed the operative complaint (D.I. 10) in this case on April 10, 2017. In that Amended Complaint, Plaintiff broadly asked the Court to "enter an Order (i) holding that the provision of Article IV, Section 3 of the Constitution of the State of Delaware mandating political balance on the courts is unconstitutional as it violates the freedom of association guaranteed by the First Amendment to the Constitution of the United States, (ii) permanently enjoining the use of political affiliation as a criterion for the appointment of judges to the Courts of Delaware, and (iii) awarding Mr. Adams his costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988." (D.I. 10 at 11). When Plaintiff filed his motion for summary judgment, he did not include a proposed form of order. (D.I. 31). The wherefore clause in Plaintiff's Opening Brief vaguely requested that "the Court enter judgment in his favor and against defendant on all claims." (D.I. 32).

On December 6, 2017, this Court issued a Memorandum Opinion that concludes with "plaintiff's motion for summary judgment (D.I. 31) is granted, and defendant's motion for summary judgment (D.I. 28) is denied." (D.I. 40). The first issue for clarification is whether the Court's grant of summary judgment reaches the provisions of Article IV, Section 3 concerning the Family Court and the Court of Common Pleas. On page 7 of the Memorandum Opinion, the Court states that "Plaintiff does not have standing under provisions four and five." As Plaintiff seemingly asked for the invalidation of the entirety of Article IV, Section 3, it is Defendant's belief that the Court did not intend to fully grant Plaintiff's Motion for Summary Judgment, only that part of it that sought to invalidate a requirement of membership in a particular political party as a

2

precondition to selection for judicial appointment to the Supreme Court, the Superior Court and the Court of Chancery.  Defendant seeks clarification that the grant of summary judgment does not have any effect on the provisions of Article IV, Section 3 that address the other courts of the State.

The second issue for clarification is whether the Court's grant of summary judgment invalidates only the provisions of Article IV, Section 3 that arguably require that judicial nominees be members of one political party or also invalidates the provisions that limit any political party to a "bare majority" of the members of the Court.  In finding that Plaintiff did not have standing under provisions four and five, the Court wrote that "[t]he only constitutional restriction on these courts [Court of Common Pleas and Family Court] is that 'not more than a majority of one Judge shall be of the same political party.'"  *Id.* (quoting Del. Const. Art. IV, § 3).  Based on this language, the Court concluded "plaintiff's applications for these positions would not have been futile, because there was no party requirement constitutionally attached to either court." *Id*.  The Court's distinction between the "bare majority" provision and the provisions mandating party membership has significance.  The Court's reference to the lack of futility suggests an intent to leave the "bare majority" feature of the Delaware Constitution undisturbed.  The plain language of the Court's Order and the Memorandum Opinion presents an ambiguity concerning the scope of the grant of summary judgment that will affect the manner in which the State of Delaware may select its judicial officers. For this reason, Defendant respectfully requests that the Court reconsider its judgment that Plaintiff is entitled to summary judgment as to all claims, modify its decision to identify the specific portions of the Delaware Constitution that have been declared unconstitutional as a matter of law, and identify which challenged provisions remain in full force and effect.

The third issue for clarification is whether the lack of standing determination also applies to "bare majority" provisions that pertain to all of the courts.  This Court has explicitly stated that Plaintiff lacks standing to challenge the provision as it applies to the Court of Commons Pleas and Family Court.  In fact, this Court found that applying to those Courts, which are both subject to the "bare majority" feature, would not be futile for Plaintiff.  Based on this reasoning, it follows that Plaintiff also lacks standing to challenge the "bare majority" feature with respect to the other courts because he cannot demonstrate that he has been harmed by this requirement.  In reading pages 7-8 of the Memorandum Opinion, it appears that this Court intended to invalidate only the "major party" feature of Article IV.  However, that is not entirely clear from the Order as entered.  Thus, Defendant respectfully requests that this Court clarify its Order to specify exactly which provisions of Article IV it has found to violate the First Amendment.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Honorable Court reconsider and clarify its Order denying his Motion for Summary Judgment and Granting Summary Judgment in full to Plaintiff.  Defendant further requests the opportunity to confer with Plaintiff to determine whether the parties may be able to agree upon a form of order to resolve the issues raised in this Motion.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ryan P. Connell
Ryan P. Connell, ID#5423
Deputy Attorney General
Department of Justice
820 N. French Street,
Carvel State Bldg., 6th floor
Wilmington, DE 19801
302-577-8400

*Attorney for the Hon. John Carney*

Dated:   December 20, 2017