# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ADAMS, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>THE HON. JOHN CARNEY, )<br>Governor of the State of Delaware, )<br>)<br>   Defendant. ) | C.A. No. 17-00181 MPT<br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION/CLARIFICATION

On December 6, 2017, this Court issued its Memorandum Opinion holding that (i) Adams lacked standing to challenge the offending provision of the Constitution of the State of Delaware as it applied to Delaware's Family Court and Court of Common Pleas because he had not applied for a position there and "there is no party requirement constitutionally attached to either court,"[1] (ii) Adams had

---

[1] Respectfully, this conclusion is incorrect. Art. I, §3 states that "at any time when the total number of Judges of the Family Court [or the Court of Common Pleas] shall be an even number, not more than one-half of the Judges shall be of the same political party; and at any time when the total number of Judges shall be an odd number, then not more than a majority of one Judge shall be of the same political party. The only constitutional restriction on these courts is that 'not more than a majority of one Judge shall be of the same political party." This can only be achieved by (i) making political affiliation a mandatory consideration, and (ii) by excluding minority parties who may not have enough members of the Bar to make up half of the bench of a court. As such, any application for judicial positions on those courts when an opening must achieve political balance would also be futile.

standing to challenge the provisions of Art. I, §3, because, as an unaffiliated voter, he would be excluded from any consideration for a judicial position, and (iii) the First Amendment rule prohibiting using political affiliation as a mandatory criterion applies to judgeships, as judges are not policymakers.

Gov. Carney seeks clarification as to whether the Court's ruling applies to the Family Court and Court of Common Pleas. Whether or not Adams had standing to challenge the political restrictions as to those courts, the reasoning of this Court is applicable to all Delaware State courts. The effect of the Court's ruling eliminates all mandatory political consideration in judicial appointments. In any circumstance, in any court, where political affiliation is a mandatory or predominant criterion, such consideration is now prohibited, whether or not it was before this Court.[2] The First Amendment does not apply by halves.

Gov. Carney's motion is simply a thinly-veiled attempt to have this Court reverse its ruling, and it should be rejected out of hand.

---

[2] By analogy, a statute allowing members of the Court of Chancery to serve as arbitrators, 10 Del. C. § was struck down as unconstitutional. *Delaware Coalition for Open Government, Inc. v. Strine*, 733 F.3d 510 (3rd Cir. 2013). The Superior Court has a parallel statute. 10 Del. C. §546. Although that latter statute was not before the Court, there can be no legitimate argument that the ruling did not apply with equal force to that statute.

WHEREFORE, for the foregoing reasons, plaintiff James R. Adams respectfully requests that the Court deny Gov. Carney's Motion for Reconsideration/Clarification.[3]

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE  19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for plaintiff James R. Adams

Dated:  December 21, 2017

---

[3] On December 19, 2017, Adams filed a motion seeking attorney's fees and costs pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. 54. Adams reserves the right to supplement that motion to add fees incurred it connection with the present motion.