IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-181-MPT |
| | ) |
| THE HON. JOHN CARNEY, | ) |
| Governor of the State of Delaware, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR
RECONSIDERATION/CLARIFICATION**

This is Defendant's Reply in Support of his Motion pursuant to Fed. R. Civ. P. 60 and D. Del. L.R. 7.1.5 seeking clarification of three issues and in response to Plaintiff's opposition to that motion.[1] The first issue is whether the Court intended to adjudicate the constitutionality of the Family Court and Court of Common Pleas provisions of Article IV, Section 3. The Court concluded that Plaintiff lacked standing to challenge the Bare Majority provisions applicable to the Family Court and Court of Common Pleas. (D.I. 40 at 7). In response, Plaintiff contends that "[w]hether or not Adams had standing to challenge the political restrictions as to those courts, the reasoning of this Court is applicable to all Delaware State Courts." (D.I. 43 at 2). Plaintiff does not dispute (1) that this Court found he lacked standing to challenge the Bare Majority provisions pertaining to the Family Court and the Court of Common Pleas or (2) that this Court did not adjudicate the constitutionality of those provisions. Rather, Plaintiff asserts that the rationale and holding of this Court in connection with different provisions governing the

---

[1] Each of the issues turns on the distinction between the provisions that require every judicial nominee to be a member of one of the two major political parties, denominated in the briefing as the "Majority Political Party Component" (D.I. 29 at 5, n.2), and those mandating that no political party have more than a bare majority of the membership of a court, denominated in the briefing as the "Bare Majority Component" (*Id.* at 5, n.1).

Supreme and other courts is *stare decisis* with respect to the Family Court and the Court of Common Pleas. Even were that correct, *stare decisis* is a different doctrine and would not operate as an actual adjudication in this case. Consequently, Plaintiff implicitly concedes that the actual order in this case cannot reach either the Family Court or the Court of Common Pleas. The *stare decisis* effect of this Court's ruling on the Family Court and the Court of Common Pleas, if any, must be examined in a future case, where a plaintiff has standing to raise the issue.

The second issue is whether Plaintiff has standing to challenge the Bare Majority provisions applicable to the Supreme Court, Superior Court and Court of Chancery, as distinct from the provisions mandating affiliation with one of the two major political parties. For the same reason that Plaintiff lacks standing to challenge the Bare Majority provisions applicable to the Family Court and the Court of Common Pleas, the Plaintiff lacks standing to challenge those provisions in connection with the three remaining courts: they pose no obstacle to an Independent like Plaintiff. Plaintiff could not be nominated to the three remaining courts because he was neither a Republican nor a Democrat; he was not impacted by the Bare Majority provisions related to any court and therefore lacks standing to challenge all of them. Plaintiff does not dispute this point in his response or attempt to explain how he could lack standing to contest the Bare Majority provisions applicable to the Family Court and the Court of Common Pleas, but have standing to challenge the same provisions relating to other courts. (D.I. 43 at 1).

The third issue is whether this Court has adjudicated the constitutionality of the Bare Majority provisions applicable to the Supreme Court, the Superior Court and the Court of Chancery. The Bare Majority provisions are distinct from the Majority Political Party provisions, and they are fundamentally different in purpose and effect. In his response, Plaintiff inaccurately and illogically equates the two when criticizing this Court's determination that he lacked

standing. (D.I. 43 at 1, n.1). But, the Bare Majority provisions do not mandate membership in one of the two major political parties. The only person who could possibly have standing to challenge a Bare Majority provision on First Amendment grounds is a member of a party that already holds a majority of the seats on a court. If someone raises such a challenge in the future, the constitutional analysis will be different from the analysis this Court employed in connection with the Majority Political Party Component. The Bare Majority Component is not aimed at the political affiliation of nominees, but rather at the structure of the Court in its entirety. Other courts have recognized this distinction. *See McCloud v. Testa*, 97 F.3d 1536, 1557 (6th Cir. 1996) (effectively recognizing that statutes requiring political balance on governmental bodies are not prohibited by the First Amendment and citing in support *Branti v. Finkel*, 445 U.S. 507, 518 (1980)). Otherwise, existing federal statutes requiring political balance would be deemed unconstitutional. *See, e.g.*, 15 U.S.C. § 78d(a) (political balance required on the SEC) (cited in D.I. 29 at 5).

For the foregoing reasons, Defendant seeks clarification that this Court's grant of summary judgment (1) does not apply to the Family Court or the Court of Common Pleas and (2) does not invalidate the Bare Majority provisions applicable to the Supreme Court, the Superior Court or the Court of Chancery, either because Plaintiff lacks standing to challenge such provisions or because those provisions are fundamentally different from the provisions mandating party membership. If the Court deems it appropriate, Defendant is prepared to submit supplemental briefs on the constitutionality of the Bare Majority Component.

                                                YOUNG CONAWAY STARGATT
&amp; TAYLOR, LLP

/s/ *David C. McBride*
David C. McBride (No. 408)
Martin S. Lessner (No. 3109)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
dmcbride@ycst.com
mlessner@ycst.com
pkraman@ycst.com

*Attorneys for Defendant*

Dated: December 28, 2017

## CERTIFICATE OF SERVICE

I, David C. McBride, hereby certify that on December 28, 2017, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>David L. Finger, Esquire
>Finger & Slannina, LLC
>One Commerce Center
>1201 N. Orange St., 7th Floor
>Wilmington, DE  19801
>*dfinger@delawgroup.com*
>
>*Attorneys for Plaintiff*

I further certify that on December 28, 2017**,** I caused the foregoing document to be served via electronic mail upon the above-listed counsel.

Dated:   December 28, 2017

>YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
>
>*/s/  David C. McBride*
>David C. McBride (No. 408)
>Martin S. Lessner (No. 3109)
>Pilar G. Kraman (No. 5199)
>Rodney Square
>1000 N. King Street
>Wilmington, Delaware 19801
>*dmcbride@ycst.com*
>*mlessner@ycst.com*
>*pkraman@ycst.com*
>
>*Attorneys for Defendant,*
>*The Hon. John Carney*