**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JAMES R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-181-MPT |
| | ) |
| THE HON. JOHN CARNEY, | ) |
| Governor of the State of Delaware, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO
DEFER RULING ON ATTORNEY'S FEES AND COSTS PENDING APPEAL**

In opposing Defendant's Motion, Plaintiff argues that: (1) the Third Circuit "is waiting" on Plaintiff's Motion for Attorney's Fees and Costs (D.I. 41) ("Plaintiff's Motion") to be resolved in this court before proceeding with the appeal, and (2) a "stay" is not justified because Defendant has failed to satisfy his burden in requesting deferral of a ruling on Plaintiff's Motion. *See* D.I. 53.  These arguments are not only baseless, but irrelevant.

The Third Circuit is not "waiting" on Plaintiff's Motion to be resolved.  The Third Circuit is agnostic on that issue, as Plaintiff's Motion involves a collateral proceeding that has no bearing on Defendant's appeal.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) ("This Court has indicated that motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree.  Thus, even years after the entry of a judgment on the merits a federal court could consider an award of counsel fees.") (internal quotation marks and citations omitted) (alteration omitted).

Rather, the Third Circuit automatically stayed the appeal as a matter of course because Defendant filed his Motion for Reconsideration/Clarification (D.I. 42) pursuant to Rule 60 of the

Federal Rules of Civil Procedure. *See* D.I. 53, Ex. A (Order staying appeal). Despite Plaintiff's argument to the contrary, Rule 4 of the Federal Rules of Appellate Procedure explicitly states that a motion for fees only tolls the time to file an appeal if the district court, by order, extends the time to appeal under Rule 58. Fed. R. App. P. 4(a)(4)(A)(iii); *see also* Fed. R. Civ. P. 58(e) (a fees motion should not delay the time to appeal unless the district court issues an order extending the time to appeal). As this Court is aware, the Court has not issued any order under Rule 58 in this case, nor did the parties request such an Order.[1]

Likewise, Plaintiff's argument regarding whether a "stay" is justified relies on a misapprehension of the Rules. Defendant did not address the factors regarding whether a stay of litigation is appropriate for a simple reason—they do not apply. *Republic of Philippines*, relied on by Plaintiff, applied those factors in determining whether to stay a district court's order, not in deciding whether to defer ruling on a party's motion. *See Republic of Philippines*, 949 F.2d at 658 ("We are guided, however, by the relatively recent opinion of the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113, 95 L.Ed.2d 724 (1987), considering the standard applicable under Fed. R. App. P. 8(a) for granting a stay of a district court's <u>order</u> pending appeal.") (emphasis added); *see also Hilton*, 481 U.S. at 776 ("Different Rules of Procedure govern the power of district courts and courts of appeals to stay an <u>order</u> pending appeal . . . . Under both Rules, however, the factors regulating the issuance of a stay are generally the same.") (citing Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a)) (emphasis added). Similarly, the *Connecticut Hospital Association* decision addressed the stay of a fee award that had already been entered, not the deferral of ruling on a fees motion. *See Connecticut Hosp. Ass'n v. O'Neill*, 891 F. Supp.

---

[1] Similarly, Plaintiff's assertion that a supersedeas bond would be required for the deferral of Plaintiff's Motion is also based on a misinterpretation of the governing rules. Rule 62(d)'s bond requirement applies to staying a judgment or a proceeding to enforce a judgment, not to the deferral of ruling on a motion.

687, 692 (1994) (D. Conn. 1994) ("Defendants have appealed the award. They now seek a stay of collection activity pending appeal.").[2]

In judging whether to stay an order that has already been entered, courts apply demanding factors, which have "substantial overlap" with preliminary injunction factors, "because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Nken v. Holder*, 556 U.S. 418, 434 (2009). In a motion to defer a ruling on attorney's fees, however, there are no such heightened concerns. Instead, as Defendant previously argued, the main concern is judicial economy. *See* D.I. 52 at 1-2 (citing *Wootten v. Virginia*, 2017 WL 1208676, at *1 (W.D. Va. Mar. 31, 2017) (observing that "judicial efficiency favors deciding the fee motion after the parties' appeals to the Fourth Circuit are resolved")); *see also Gill v. Bausch & Lomb Supp. Ret. Income Plan I*, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014) ("[D]eferring a ruling on Plaintiffs' motion for attorneys' fees until the Second Circuit resolves Defendants' appeal ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails."). Misguided by the wrong standard, Plaintiff fails to address Defendant's principal argument. In light of Plaintiff's failure to do so, Defendant rests on prior briefing to support his motion.

Ultimately, it is within the Court's discretion whether to defer ruling on Plaintiff's Motion, but Defendant believes the Court should exercise such discretion in this case to avoid

---

[2] Plaintiff's reliance on an unpublished decision from the Eastern District of California is not persuasive. *See In re Wage*, 2016 WL 3179889, at *3-4 (E.D. Cal. June 7, 2016). There, the court does not explain why a standard created for evaluating whether to stay court orders should apply to a motion to defer ruling on a collateral proceeding. Furthermore, unlike here, the movant in that case had not filed a notice of appeal. *See id.* at 4 ("In their reply, Plaintiffs cite other district courts that have exercised their discretion to avoid deciding attorney fees while a case is pending on appeal. However, the Court notes that no appeal has been filed in this action.").

01:22770336.1

piecemeal fee litigation and resolve Plaintiff's Motion once all fees, or none, are before the Court for review.

                    YOUNG CONAWAY STARGATT
                    & TAYLOR, LLP

/s/ *Pilar G. Kraman*
David C. McBride (No. 408)
Martin S. Lessner (No. 3109)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
dmcbride@ycst.com
mlessner@ycst.com
pkraman@ycst.com

*Attorneys for Defendant*

Dated: January 22, 2018

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, hereby certify that on January 22, 2018, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> David L. Finger, Esquire
> Finger & Slannina, LLC
> One Commerce Center
> 1201 N. Orange St., 7th Floor
> Wilmington, DE  19801
> *dfinger@delawgroup.com*
>
> *Attorneys for Plaintiff*

I further certify that on January 22, 2018**,** I caused the foregoing document to be served via electronic mail upon the above-listed counsel.

Dated:   January 22, 2018

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/  Pilar G. Kraman*
David C. McBride (No. 408)
Martin S. Lessner (No. 3109)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*dmcbride@ycst.com*
*mlessner@ycst.com*
*pkraman@ycst.com*

*Attorneys for Defendant,*
*The Hon. John Carney*