IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 17-00181 MPT |
| ) | JURY TRIAL DEMANDED |
| THE HON. JOHN CARNEY, ) | |
| Governor of the State of Delaware, ) | |
| ) | |
| Defendant. ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A RULE TO SHOW CAUSE WHY DEFENDANT THE HON. JOHN CARNEY SHOULD NOT BE HELD IN CONTEMPT OF COURT AND FOR EXPEDITED CONSIDERATION**

1. Gov. Carney first argues that he cannot be held in contempt because there was no mandatory instruction to perform or not perform in a certain way, as in an injunction. However, when a government official is the defendant, a declaratory judgment is deemed to be the equivalent of an injunction, since it must be presumed that government officials will adhere to the law as declared by the Court, and so no formal injunction is required. *Committee on Judiciary of U.S. House of Representatives v. Miers,* 542 F.3d 909, 911 (D.C. Cir. 2008); *Sanchez-Espinoza v. Reagan*, 770 F.2d 201, 208 (D.C. Cir. 1985) (Scalia, J.).[1]

---

[1] Although neither of these opinions are contempt cases, there is no sound reason why the legal principle should not apply equally here.

2. "[A]ll orders *and judgments* of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers,* 419 U.S. 449, 458 (1975) (italics added). The Court's Order expressly incorporated its Opinion. Contrary to Gov. Carney's assertion, the Opinion explained clearly and succinctly what the Gov. Carney is prohibited from doing – using political affiliation as a factor in judicial appointments. He did it anyway. He is thus subject to contempt.

3. Gov. Carney next argues that he did not violate the Court's Order because he has "discretion" to consider political affiliation. The case law says otherwise. *See Bright v. McClure*, 865 F.2d 623 (4th Cir. 1989) (use of political criteria in submitting candidates for magistrate judge to the appointing judge deemed unconstitutional). The case law does not make such an exception and, indeed, most of the pertinent case law is in the context of a discretionary hiring or firing decision, *i.e.,* not mandated by law. In any event, such "discretion" is limited by constitutional principles. If the First Amendment prohibits consideration of political affiliation, then that action is prohibited, whether it is mandated by the Delaware Constitution or it is a "discretionary" choice.

4. Moreover, it is not a discretionary decision when the outcome is pre-determined. Exhibit A to the Motion for a Rule to Show Cause states that "In

accordance with Article IV, Section 3 of the Delaware Constitution and in the Governor's discretion, the Governor intends to appoint a member of the Republican Party." (Rule to Show Cause Ex. A). Apparently, after the Court's ruling counsel to the Governor informed the Judicial Nominating Commission ("JNC") that it may consider an independent. (Defendant's Opposition to Plaintiff's Motion for a Rule to Show Cause, Ex. A). Oddly enough, it did not instruct the JNC to consider Democratic candidates as well. To no one's surprise, a Republican was chosen.

5. After the Court's decision, the JNC sent out another notice on Feb. 20, 2018, stating, as to one opening, "[t]he Governor may appoint a judge currently serving on the Superior Court to the position of Resident Judge regardless of his or her party affiliation, but the Governor may not appoint another member of the Republican Party to the Court." Thus, the Governor announced that he was excluding certain applicants because of their political affiliation. The announcement went on to say that, in the event of a second vacancy, "[i]n accordance with the mandate of Article IV, Section 3 of the Delaware Constitution and his preference, the Governor expects to appoint a member of the Democrat Party to fill any derivative vacancy." Again, the Governor has pre-determined the outcome, even before a pool of applicants is created, and chilled applications by lawyers other than Democrats.

6. In each of those circumstances, Gov. Carney has effectively admitted that political affiliation is a substantial or motivating factor in his appointing decision.

7. Gov. Carney attempts to shift the blame to the Court because of his claimed confusion in understanding the meaning of the Opinion and Order. If Gov. Carney is confused, the proper procedure (which he followed) was to file a motion for clarification. But the fact that he filed such motion does not mean that the Opinion was unclear, nor does it authorize disregarding the Opinion and Order while his motion is being decided.

8. Gov. Carney next argues that he has acted in good faith. Good faith, however, is not a defense to a contempt action. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3rd Cir. 2010).[2]

9. In any event, the public actions of the Governor do not show good-faith reliance on a reasonable interpretation of the Court's Memorandum and Order. The Court wrote:

> Article IV, § 3 of the Constitution of the State of Delaware violates the First Amendment by placing a restriction on governmental employment

---

[2] Gov. Carney reiterates his view that the Court's ruling does not apply to the Court of Common Pleas and the Family Court because Adams was found to lack standing as to those claims even though those courts restrict opportunities for appointment. However, a rule of law announced by a Court may and often will apply to other cases, and it is the duty of Gov. Carney to ensure that the legal principle is not offended by his judicial selection process as to any court. This should be particularly true when the rule is of constitutional magnitude.

> based on political affiliation in the Delaware judiciary. The narrow exception of political affiliation does not apply because the role of the judiciary is to interpret statutory intent and not to enact or amend it.

*Adams v. Carney*, 2017 WL 6033650 at * (D. Del. June 11, 2017). This clearly shows that political affiliation may not be considered in selecting judges.[3] It makes no distinction between the "bare minimum" clause and any other clause. This language is clear and needs no clarification.

10. Further, a public statement that the Governor "intends to appoint a member of the Republican Party" or that he "may not appoint another member of the Republican Party" and that he "expects to appoint a member of the Democrat[ic] Party to fill any derivative vacancy" is not a statement that all parties will be considered equally – it is an admission that political party will play a substantial, even dispositive, role in the Governor's decision making. To suggest that these statements permit the Governor to consider party in this way makes a mockery of this Court's ruling.

---

[3] Gov. Carney yet again relies on *Newman v. Voinovich*, 986 F.2d 159 (6th Cir. 1993), and *Kurowski v. Krajewski*, 848 F.2d 757 (7th Cir. 1988). Those cases, however, involved appointment of an interim judge to serve until the next judicial election, and selecting a member of the same political party was to reflect the wishes of the electorate. Those conditions do not apply here.

11. Gov. Carney sneaks in a request for a stay. His request is procedurally improper because he did not file a motion, as is mandated by Fed. R. Civ. P. 7(b).[4]

12. The request lacks merit. Gov. Carney bears the burden of proving that a stay of the Order is warranted based on the following criteria: (1) whether appellant has made "a strong showing" that it is likely to succeed on the merits; (2) whether appellant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. *Republic of Phil. v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The first two factors are deemed the most critical. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

13. Gov. Carney made no showing, certainly not a "strong showing," that he will succeed on appeal. As to the second factor, Gov. Carney is asking the Court to deny Mr. Adams his First Amendment right to continue to seek government employment free of political prejudice. That constitutional right overrides Delaware's desire for political parity.[5] *See Elrod v. Burns*, 427 U.S. 347, 373 (1976)

---

[4] Gov. Carney takes Mr. Adams to task for failure to confer under D. Del. L. R. 7.1.1. That rule, however, applies to non-dispositive motions. A post-judgment contempt motion is separate from the underlying lawsuit, and a decision on the motion will be dispositive of the contempt proceeding. In any event, upon receipt of the motion, Gov. Carney's counsel was free to contact Mr. Adams' counsel to discuss any issues yet chose not to do so.

[5] Gov. Carney argues that the preservation of a bi-partisan judiciary is "an important value that has served the state well for decades." (Opposition at 7). This

("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"), *quoted in K.A. ex rel. Ayers v. Pocono Mountain School Dist.*, 710 F.3d 99, 113 (3rd Cir. 2013).

WHEREFORE, for the foregoing reasons, plaintiff James R. Adams respectfully requests that the Court grant this motion and issue a Rule of Show Cause requiring Gov. Carney to appear and respond to this motion, at which time Adams will seek all appropriate remedies, including, but not limited to, an award of attorney's fees incurred in prosecuting this motion.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange St., 7th fl.
Wilmington, DE  19801
(302) 573-2525
Attorney for plaintiff James R. Adams

Dated:  March 13, 2018

---

is mere political puffery.  There is no evidence, empirical or anecdotal, that the political makeup of Delaware's courts has ever played any role in either the quality of the bench or Delaware's attractiveness as a place to incorporate and/or litigate.