IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES R. ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 17-181-MPT |
| | : | |
| HONORABLE JOHN CARNEY, | : | |
| Governor of the State of Delaware | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

## I.    INTRODUCTION

On February 21, 2017, Plaintiff, James R. Adams ("plaintiff"), filed this action,
pursuant to 42 U.S.C. § 1983, seeking Declaratory Judgment and Injunctive Relief
against the Governor of the State of Delaware, John Carney ("defendant").[1]  Plaintiff
seeks review of the constitutionality of provisions found in Article IV, § 3 of the
Constitution of the State of Delaware known as the "Political Balance Requirement."[2]
The Political Balance Requirement subjects all appointments to the office of the State
Judiciary to a series of limitations relating to the political affiliation of judicial
appointees.[3]  These limitations consist broadly of requirements that:  (1) not more than
a "bare majority"[4] of the offices in the Supreme Court or Superior Court "shall be of the
same political party;" (2) collectively, not more than a "bare majority" of "the Justices of

---

[1] D.I. 1; *see also* D.I. 10.

[2] D.I. 10; *see also* D.I. 29 at 4; Del. Const. art. IV, § 3.

[3] Del. Const. art. IV, § 3; *see also* D.I. 40 at 2-4.

[4] Section 3 distinguishes between courts with an even number of seats, in which
"not more than one-half of the members of all such offices shall be of the same political
party[,]" and courts with an odd number of seats, in which "not more than a bare
majority of the members of all such offices shall be of the same major political party[.]"
Del. Const. Art. IV, § 3.  Defendant refers to these two requirements collectively as the
"Bare Majority Component."  D.I. 29 at 4-5 & n.1.

the Supreme Court, the Judges of the Superior Court, the Chancellor and all the Vice-Chancellors shall be . . . of the same major political party[;]"[5] and (3) "the remaining members of such [judicial] offices shall be of the other major political party."[6]  Similarly, the Family Court and the Court of Common Pleas are subject to limitations in which, in the case of an even number of judges on the court, "not more than one-half of the Judges shall be of the same political party[,]" and in the case of an odd number of judges, "not more than a majority of one Judge shall be of the same political party."[7]

Plaintiff filed an amended complaint on April 10, 2017.[8]  In the amended complaint, Plaintiff asked the court to:

> [E]nter an Order (i) holding that the provision of Article IV, Section 3 of the Constitution of the State of Delaware mandating political balance on the courts is unconstitutional as it violates the freedom of association guaranteed by the First Amendment to the Constitution of the United States, (ii) permanently enjoining the use of political affiliation as a criterion for the appointment of judges to the Courts of Delaware, and (iii) awarding Mr. Adams his costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988.[9]

On September 29, 2017, the parties filed cross-motions for summary judgment.[10]  In his motion, Plaintiff argued that Article IV, § 3 restricts Delaware state government employment based on political affiliation in violation of the First Amendment of the Constitution of the United States.[11]  Meanwhile, in defendant's motion for summary judgment, defendant contended that plaintiff had failed to establish standing under

---

[5] Major political party is defined as "any political party which, as of December 31,of the year immediately preceding any general election year, has registered in the name of that party voters equal to at least five percent of the total number of voters registered in the State."  15 Del. C. § 101(15).

[6] Del. Const. art. IV, § 3.

[7] Id.

[8] D.I. 10.

[9] *Id.* at 11.

[10] D.I. 17; D.I. 31.

[11] D.I. 32 at 2.

Article III, § 2 of the Constitution of the United States.[12]  Defendant argued in the alternative that that the position of judge is a "policymaking position," which defendant contends falls under the well-established exception to the restriction of governmental employment based on political affiliation.[13]  On December 6, 2017, the court issued a memorandum opinion and order ("Memorandum Opinion" and "Order") granting plaintiff's motion for summary judgment and denying defendant's motion for summary judgment.[14]

On December 19, 2018, plaintiff moved for an award of attorney's fees and costs under 42 U.S.C. § 1988.[15]  The following day, defendant moved for the court to reconsider or clarify its Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 60 and D. Del. LR 7.1.5.[16]  On January 5, 2018, defendant appealed to the United States Court of Appeals for the Third Circuit.[17]  Defendant then moved for the court to defer ruling on the award of attorney's fees and costs pending the appeal.[18]  Thereafter, on February 21, 2018, plaintiff moved for issuance of an order for defendant to show cause as to why defendant should not be held in contempt for violating the court's December 6, 2017 Order.[19]  These motions are presently before the court.

## II.   STANDARD OF REVIEW

### A.   Motion for Reconsideration

Motions for reconsideration are the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).[20]  Meeting the standard

---

[12] U.S. Const. art. III, § 2.
[13] D.I. 29 at 3.
[14] D.I. 40; D.I. 39.
[15] D.I. 41.
[16] D.I. 42.
[17] D.I. 50.
[18] D.I. 51.
[19] D.I. 57.
[20] *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)).

for relief under Rule 59(e) is difficult.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."[21]  A court should exercise its discretion to alter or amend its judgment only if the movant demonstrate one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted.[22]

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.[23]  Nor may motions for reargument or reconsideration be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."[24]  Reargument, however, may be appropriate where a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension."[25]

The "Court should not hesitate to grant the motion when compelled to prevent manifest injustice or correct clear error."[26]  This court has granted motions to clarify ambiguities in its opinions and orders.[27]

---

[21] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 699, 677 (3d Cir. 1999).

[22] *Id.*

[23]  *Glendon Energy Co v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

[24] *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

[25] *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

[26] *Brambles USA*, 735 F.Supp. at 1241 (citations omitted).

[27] *Helios Software, LLC v. SpectorSoft Corp.*, No. CV 12-81-LPS, 2015 WL 3622399, at *1 (D. Del. June 5, 2015); *Organizational Strategies, Inc. v. Feldman Law Firm LLP*, No. CV 13-764-RGA, 2014 WL 2446441, at *1-2 (D. Del. May 29, 2014); *Neomagic Corp. v. Trident Microsystems*, No. 1:98CV-00699-KAJ, 2003 WL 25258274, at *3 (D. Del. July 30, 2003)

### B.    Motion for Fees and Costs

The right to reasonable attorney's fees is provided under 42 U.S.C. § 1988:  "[i]n any action or proceeding to enforce a provision of [42 U.S.C.] section[] . . . 1983, . . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]"[28]  In order to qualify, a plaintiff must be designated as "prevailing party,"[29] a term which has been defined as any party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[30]  A key factor is that the plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."[31]  This is usually accomplished through a judgment on the merits.[32]  Under Rule 54(d)(2), "if an appeal on the merits of a case is pending, a court 'may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved.'"[33]

### C.    Motion for an Order to Show Cause

"The Court has wide discretion in determining sanctions in a civil contempt matter."[34]  "Sanctions for civil contempt serve two purposes:  to coerce the defendant

---

[28] 42 U.S.C. § 1988.

[29] *Farrar v. Hobby,* 506 U.S. 103, 109 (1992).

[30] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotation marks omitted) (citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir.1978) (overruled on other grounds).

[31] *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (citing *Hewitt v. Helms*, 482 U.S. 755, 760-61 (1987)).

[32] *Farrar*, 506 U.S. at 111 (citations omitted) ("The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement.").

[33] *Walker Digital, LLC v. Expedia, Inc.*, No. CV 11-313-SLR, 2013 WL 5662145, at *2 (D. Del. Oct. 16, 2013) (quoting Fed. R. Civ. P. 54, Advisory Committee Note, 1993 Amendment, Subdivision (d), Paragraph (2), Subparagraph (B)).

[34] *Virium BV v. Lithium Tech. Corp.*, No. CV 13-500-LPS, 2016 WL 4182742, at *2 (D. Del. Aug. 5, 2016) (citing *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992)).

into compliance with the court's order and to compensate for losses sustained by the disobedience."[35]

## III.   DISCUSSION

### A.   Motion for Reconsideration or Clarification

Defendant argues that there are three reasons why the court's Memorandum Opinion and Order requires either reconsideration or clarification.[36]  First, defendant questions whether the court's Order "reaches the provisions of Article IV, Section 3 concerning the Family Court and the Court of Common Pleas."[37]  Second, defendant asks whether the court's Order "invalidates only the provisions of Article IV, Section 3 that arguably require that judicial nominees be members of one political party or also invalidates the provisions that limit any political party to a 'bare majority' of the members of the Court."[38]  Third, defendant seeks clarification as to whether the court's determination, that plaintiff lacked Article III standing to challenge the "bare majority" provision as it applies to the Court of Common Pleas and Family Court,[39] "also applies to 'bare majority' provisions that pertain to all of the courts."[40]

In response, plaintiff disputes the court's finding as to Article III standing with respect to the Court of Common Pleas and the Family Court.[41]  And plaintiff contends that, regardless of whether he "had standing to challenge the political restrictions as to . . . [the Family Court and Court of Common Pleas], the reasoning of this [c]ourt is

---

[35] *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (internal quotation marks omitted) (citing *McDonald's Corp. v. Victory Investments,* 727 F.2d 82, 87 (3d Cir.1984)); *see also McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949); *In re Linerboard Antitrust Litig.,* 361 F. App'x 392, 398-99 (3d Cir.2010).
[36] D.I. 42 at 2-4.
[37] *Id.* at 2.
[38] *Id.* at 3.
[39] D.I. 40 at 7.
[40] D.I. 42 at 4.
[41] D.I. 43 at 1 n.1.

applicable to all Delaware State courts."[42]

During the briefing on defendant's motion for summary judgment for lack of standing, defendant characterized the Political Balance Requirement as consisting of two types of provisions limiting appointments to judicial office:  (1) "Bare Majority" provisions and (2) Major Party provisions.[43]  In moving for reconsideration or clarification, defendant points to the court's discussion of plaintiff's lack of Article III standing with respect to the Court of Common Pleas and the Family Court, which are judicial offices limited exclusively by Bare Majority provisions.[44]  Defendant essentially argues that the court's ruling cannot extend beyond the Major Party provisions of Article IV, § 3, because these are the only provisions that give rise to plaintiff's Article III standing.[45]  Therefore, defendant avers, in reconsidering or clarifying the court's December 6, 2017 Memorandum Opinion and Order, the court should revise its Memorandum Opinion and Order to effectively "redline" Article IV, § 3 to eliminate the Major Party provisions as to the Supreme Court, the Superior Court, and the Court of Chancery, while preserving the Bare Majority provisions as to all judicial offices.[46]

Defendant's position on reconsideration or clarification is that the court can (and must have intended to) only issue judgment on the constitutionality of the specific, Major Party, provisions of Article IV, § 3 of the Constitution of the State of Delaware that give rise to plaintiff's Article III standing.[47]  This is an argument about prudential standing. Without using the term "prudential standing" anywhere in its briefs on reconsideration or

---

[42] *Id.* at 2.

[43] D.I. 29 at 5 nn.1-2.  In note 2, defendant actually uses the term "Majority Political Party Component"—the court finds the use of the term "majority" in both nomenclatures to be confusing and, therefore, refers to this aspect of Article IV, § 3 as the "Major Party provisions."

[44] D.I. 42 at 2.

[45] *Id.* at 2-4.

[46] D.I. 49 at 3.

[47] D.I. 42 at 4 ("In reading pages 7-8 of the Memorandum Opinion, it appears that this Court intended to invalidate only the 'major party' feature of Article IV.").

clarification, defendant contends that plaintiff does not have prudential standing to challenge the Bare Majority provisions, because the court only found that plaintiff has Article III standing to challenge the Major Party provisions.[48]

### 1.   Reconsideration

Defendant directs the court's attention to pages 7-8 of D.I. 40, the court's December 6, 2017 Memorandum Opinion[49] as the basis for defendant's motion for reconsideration or clarification.[50]  In this portion of the its Memorandum Opinion, the court addressed the question of plaintiff's Article III standing.[51]  With respect to the Family Courts and the Courts of Common Pleas, which are limited by Bare Majority provisions, the court stated:

> Plaintiff does not have standing under provisions four and five [of Article IV, § 3 of the Constitution of the State of Delaware].  He has not applied for a judicial position in any of Family Courts or the Courts of Common Pleas. In addition, plaintiff's applications for these positions would not have been futile, because there is no party requirement constitutionally attached to either court. The only constitutional restriction on these courts is that "not more than a majority of one Judge shall be of the same political party."[52]

However, this determination was not fatal to plaintiff's standing, as the court found that plaintiff had established Article III standing with respect to provisions one through three of Article IV, § 3 of the Constitution of the State of Delaware.[53]

Prudential standing was a minor factor in defendant's summary judgment briefing, with defendant spending a little more than one page of its opening brief on the

---

[48] *Id.*
[49] D.I. 40 at 7-8.
[50] D.I. 42 at 4.
[51] D.I. 40 at 7-8.
[52] D.I. 40 at 7 (footnotes omitted).
[53] *Id.* at 7-8.

subject.[54]  In moving for reconsideration, defendant does not argue that:  (1) the court misunderstood defendant's prudential standing arguments; (2) the court made a decision about prudential standing outside the adversarial issues presented to the court by the parties; or (3) the court has made an error not of reasoning but of apprehension.[55]

From the record, it is apparent that defendant is presently making an argument that it did not make in its briefing on summary judgment.[56]  At that time, defendant argued that plaintiff had failed to satisfy the limitations on prudential standing, because plaintiff was asking the court to adjudicate an abstract question of wide public significance which amounts to a generalized grievance.[57]  Defendant, however, did not argue, for example, that—were the court to find that plaintiff has Article III standing as to some provisions of Article IV, § 3—plaintiff's prudential standing would be explicitly limited to *only those specific provisions* for which he has Article III standing.[58]

Moreover, in his briefing, defendant failed to rebut plaintiff's argument to the contrary.[59]  Plaintiff opposed defendant's motion for summary judgment and averred that plaintiff has prudential standing to challenge the entirety of Article IV, § 3,

---

[54] D.I. 29 at 16-18.

[55] D.I. 42 at 2-4; *see also Tinney v. Geneseo Commc'ns, Inc.*, 502 F. Supp. 2d 409, 415 (D. Del. 2007).

[56] D.I. 29 at 16-18; D.I. 37 at 3-4.

[57] *See* D.I. 29 at 17 ("Here, Plaintiff is asking this Court to decide abstract questions of wide public significance."); D.I. 37 at 3 ("Plaintiff is asking this Court to decide abstract questions of wide public significance that establish the bedrock of Delaware's judicial branch.").

[58] *Id.* at 16-18.

[59] *Compare* D.I. 35 at 9-11 (plaintiff's prudential standing argument in plaintiff's brief opposing defendant's motion for summary judgment), *with* D.I. 37 at 3-4 (defendant's prudential standing argument in defendant's reply brief in support of defendant's motion for summary judgment).

regardless of the scope of his Article III standing.[60]  For example, plaintiff cited *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392-93 (1988),[61] which states:

> Even if an injury in fact is demonstrated, the usual rule is that a party may assert only a violation of its own rights. However, in the First Amendment context, "[l]itigants . . . are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression."[62]

Plaintiff contended that this case stands for the proposition that "[w]here a party raises a facial challenge to a law pursuant to the First Amendment, general prudential standing requirements are relaxed."[63]  Yet defendant did not acknowledge this argument, discuss it, or address any of the prudential standing case law cited by plaintiff.[64]  Moreover, aside from the briefing discussed herein,[65] defendant did not make any other prudential standing arguments elsewhere in the briefing on the cross motions for summary judgment.[66]

In the briefing on summary judgment, defendant failed to rebut plaintiff's arguments on prudential standing.  Defendant presently seeks reconsideration and an opportunity to make arguments that he did not make in the briefing.  This is beyond the scope of the remedy requested or allowed.[67]  Therefore, defendant's motion for reconsideration (D.I. 42) is DENIED.

---

[60] D.I. 35 at 9-10.

[61] *Id.* at 10.

[62] *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392–93 (1988) (alteration in original) (quoting *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956-57 (1984).

[63] D.I. 35 at 10.

[64] D.I. 37 at 3-4.

[65] D.I. 29 at 16-18; D.I. 37 at 3-4.

[66] *See* D.I. 34 (defendant's brief opposing plaintiff's motion for summary judgment).

[67] *Max's Seafood Café*, 176 F.3d at 677.

### 2.   Clarification

Upon review of the briefs and the record, it is apparent that the court did not fully explain the question of prudential standing in its December 6, 2017 Memorandum Opinion.[68]  The court agrees that clarification will simplify the record for appeal and GRANTS defendant's motion for clarification (D.I. 42).  Therefore, the court will issue a separate, clarified version of its December 6, 2017 Memorandum Opinion.

### B.   Fees

Plaintiff's motion for fees and costs lacks the statement, required by Local Rule 7.1.1, that plaintiff had made a reasonable effort to reach agreement with defendant on fees and costs.[69]  Moreover, an appeal on the merits is pending.  Therefore, the court DENIES plaintiff's motion for fees and costs (D.I. 41) without prejudice to renew.[70]  As a result, defendant's motion to defer ruling on fees and costs pending appeal (D.I. 51) is granted.

### C.   Show Cause

Plaintiff's motion to show cause also lacks the Local Rule 7.1.1 statement.[71] Defendant contends that it has sought to work, in good faith, within the bounds of what it contends is the court's holding.[72]  Given the court's grant of defendant's motion to clarify, a hearing on contempt is inappropriate at this time.  Thus, the court DENIES plaintiff's motion for an order to show cause (D.I. 57) without prejudice to renew.

### IV.   CONCLUSION

For the reasons discussed herein, plaintiff's motion for reconsideration (D.I. 42) is denied; plaintiff's motion for clarification (D.I. 42) is granted; plaintiff's motion for fees

---

[68] D.I. 40 at 6-7 (citing the test for prudential standing but not discussing the subject further).
[69] D.I. 41; *see also* D. Del. LR 7.1.1.
[70] *See supra* note 33.
[71] D.I. 57.
[72] D.I. 58 at 4-5 & n.4.

and costs (D.I. 41) is denied without prejudice; defendant's motion to defer ruling on fees and costs pending appeal is granted (D.I. 51) and plaintiff's motion for an order to show cause (D.I. 57) is denied without prejudice.  As a result of the motion for clarification, the court will issue a clarified version of its December 6, 2017 Memorandum Opinion.

Dated:   May 23, 2018              _____/s/ Mary Pat Thynge_____
                                   Chief U.S. Magistrate Judge