# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES R. ADAMS, | : |
| Plaintiff, | : |
| v. | : C. A. No. 17-181-MPT |
| THE HON. JOHN CARNEY<br>Governor of the State of Delaware, | : |
| Defendant. | : |

## ORDER

At Wilmington, this **4th** day of **June, 2018.**

On Friday, June 1, 2018, defendant filed a Motion to Stay the court's Judgment Order (the "Motion to Stay").[1] Defendant also filed a Motion to Expedite Briefing on the Motion to Stay (the "Motion to Expedite").[2] These motions are presently before the court.

The court notes that on December 20, 2017, defendant filed a Motion for Reconsideration or Clarification[3] of the court's December 6, 2017 Memorandum Opinion and Judgment Order granting plaintiff's Motion for Summary Judgment and denying defendant's Motion for Summary Judgment. Thereafter, on January 5, 2018, defendant filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit, challenging the court's Memorandum Opinion and Judgment Order.[4] The Third Circuit

---

[1] D.I. 39, D.I. 62.
[2] D.I. 64.
[3] D.I. 42.
[4] D.I. 50; *see also* D.I. 39.

stayed the appeal in light of the numerous motions pending before the court. On May 23, 2018, after finding that defendant's Motion for Reconsideration or Clarification was based on a new argument that defendant did not make in the briefing on summary judgment,[5] the court ruled on the pending motions,[6] and issued a Memorandum Opinion Clarifying the Court's Opinion Issued December 6, 2017 accompanied by a Judgment Order.[7]

In its Motion to Expedite, defendant takes the position that its appeal to the Third Circuit "presents substantial legal questions . . . [which are] issues of first impression."[8] Defendant argues that "there is substantial risk of irreparable harm" to the people of Delaware, the state itself, the Delaware General Assembly, and other institutions "that appoint judicial officers."[9] An appeal to the Third Circuit is the only way to facilitate the expedient resolution of these questions of the first impression. Despite the potential significance of these legal questions, the appeal will, nonetheless, take some time. The court recognizes that there is some merit to defendant's Motion to Stay, namely that a stay of judgment will potentially allow defendant to continue to fill judicial positions pending the appeal.[10] If the court does not expedite briefing, then briefing will continue into July 2018, a month when the court will be unavailable.

---

[5] D.I. 60 at 9 ("From the record, it is apparent that defendant is presently making an argument that it did not make in its briefing on summary judgment.").
[6] D.I. 60.
[7] D.I. 61, D.I. 62.
[8] D.I. 64 at 1. As noted above and discussed with regards to defendant's Motion for Reconsideration or Clarification, D.I. 42, defendant did not argue some of these questions of the first impression at summary judgment, *e.g.*, D.I. 60 at 9. Although the Third Circuit may choose to consider these new arguments, the court cannot.
[9] D.I. 64 at 1; *see also* D.I. 63 at ¶¶ 4-8.
[10] *Cf.* D.I. 63 at ¶ 5.

Therefore, IT IS ORDERED and that defendant's Motion to Expedite (D.I. 64) is GRANTED.

Defendant's motion (D.I. 63) shall serve as its opening brief on the Motion to Stay.  Plaintiff shall file a response, consisting of no more than 12 pages, no later than Tuesday, June 12, 2018.  Thereafter, defendant shall file a reply brief, consisting of no more than 7 pages, by Monday, June 18, 2018.

Dated: June 4, 2018                                   /s/ Mary Pat Thynge
                                                                  Chief U.S. Magistrate Judge